OPINION
Appellant Philip Clifton appeals a judgment of the Stark County Common Pleas Court, Domestic Relations Division, modifying his child-support obligation:
ASSIGNMENTS OF ERROR
 I. WHETHER THE TRIAL COURT ERRED IN ITS CALCULATION OF APPELLANT'S CHILD SUPPORT OBLIGATION.
 II. WHETHER THE TRIAL COURT ERRED IN ALLOWING A MODIFICATION IN CHILD SUPPORT WHEN THERE WAS NOT A SUFFICIENT CHANGE IN CIRCUMSTANCE TO JUSTIFY SAID MODIFICATION.
Appellant and appellee Deborah Clifton were divorced on June 16, 1998. The parties have two minor children, Philip, born June 25, 1985, and Zachary, born, December 20, 1987. At the time of the divorce, the parties were granted shared parenting. The court set appellant's child-support obligation at $75 per month per child. In 1999, appellee quit her job, which paid her $18,000 per year. Her income was reduced to $2,883 per year. The Stark County Child Support Enforcement Agency recalculated appellant's child support, recommending that appellant pay $279.61 per month per child. Appellant filed an objection to the findings and recommendation of the administrative modification of support. A hearing was held on the objection before a magistrate in the Stark County Common Pleas Court, Domestic Relations Division. The magistrate imputed income to appellant at $30,000 per year, and to appellee at $18,000 per year. The magistrate calculated appellant's child-support obligation at $262 per month per child, but based on the fact that the parties had a shared parenting arrangement, the magistrate concluded that it would be in the children's best interest to deviate from the guideline amount, and accordingly recommended that appellant's child support obligation be set at $131 per month per child. Appellant filed an objection to the magistrate's decision, which was overruled. The court entered judgment in accordance with the recommendation of the magistrate.
 I
Appellant argues that the court erred by calculating child support as if appellee was the sole residential parent, rather than shared parenting. This assignment is without merit. The magistrate clearly followed the guidelines set forth in R.C. 3113.215 (B)(6)(a). That statute provides that if the court issues a shared parenting order, the court shall order an amount of child support which is calculated in accordance with the worksheet through line 24, except that, if application of the worksheet would be unjust or inappropriate, or would not be in the best interest of the child, the court may deviate from the worksheet amount of child support. The magistrate clearly did this in the instant case. The magistrate made a finding, adopted by the trial court, that the worksheet amount of $262 would be inappropriate and not in the best interest of the children based on the 50/50 shared parenting arrangement of the parties. Accordingly, the court deviated from the guideline amount, ordering appellant to pay only $131 per month per child. The first assignment of error is overruled.
 II
Appellant argues that the court did not have jurisdiction to alter his child-support obligation, as R.C. 3113.215 (B)(4) requires a change in the income of the parties which causes a ten percent variation in the child-support obligation. Appellant argues that in the instant case, the income figures used by the magistrate were the same as those used originally by the trial court in 1998, and therefore, the ten percent variation requirement was not met. R.C.3113.215 (B)(4) provides in pertinent part: If an obligor or obligee under a child support order requests the court to modify the amount of support required to be paid pursuant to the child support order, the court shall recalculate the amount of support that would be required to be paid under the support order in accordance with the schedule and pursuant to the applicable worksheet in division (E) of this section, through line 24, or in division (F) of this section, through line 23, and if that amount as recalculated is more than ten per cent greater than or more than ten per cent less than the amount of child support that is required to be paid pursuant to the existing child support order, the deviation from the recalculated amount that would be required to be paid under the schedule and the applicable worksheet in division (E) of this section, through line 24, or in division (F) of this section, through line 23, shall be considered by the court as a change of circumstance that is substantial enough to require a modification of the amount of the child support order.
As specifically found in the magistrate's decision, the re-calculated amount deviated from the original child support order by more than ten percent. The statute does not require the change in income of the parties to be more than ten percent; rather, the statute requires the amount of child support as calculated according to the worksheet to change by more than ten percent. The second assignment of error is overruled.
The judgment of the Stark County Common Pleas Court, Domestic Relations Division, is affirmed.
 __________________ Gwin, P.J.,
Gwin, P.J., Farmer, J., and Wise, J., concur